IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHELLE CREVIER-GERUKOS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-11-0434 |
| § | |
| EISAI, INC., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

The plaintiff, Michelle Crevier-Gerukos, has moved to extend the discovery deadline to permit her to depose her managers at Eisai, Darren Heath and Terri Fortenberry. (Docket Entry No. 72). Eisai opposes her motion. (Docket Entry No. 74). Based on the motion and response, the record, and the relevant law, Gerukos's motion to extend the discovery deadline is denied. The reasons are explained below.

Rule 16(b)(4) of the Federal Rules of Civil Procedure states that a court-ordered deadline may be modified only for good cause and with the court's consent. Rule 16's "fairly stringent 'good cause' standard . . . requires [a party] to give a persuasive reason why the dates originally set by the scheduling order could not 'reasonably be met despite the diligence of the party seeking the extension.'" *Argo v. Woods*, 399 F. App'x 1, 3 (5th Cir. Sept.10, 2010) (citing FED. R. CIV. P. 16(b) advisory committee's note (1983)); *see also S & W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" (quoting 6A CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990)). Courts consider four factors in

deciding whether there is good cause to amend a scheduling order: (1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment to the scheduling order; (3) potential prejudice if the court allows the amendment; and (4) the availability of a continuance to remedy such prejudice. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). A district court has "broad discretion to preserve the integrity and purpose of the pretrial order." *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).

Gerukos states that the discovery deadline should be extended because Heath and Fortenberry both have "significant, substantive knowledge of the facts surrounding this lawsuit" and that "[t]hese additional depositions may bring the parties closer to a resolution of this matter." (Docket Entry No. 72 at 2). The reasons she identifies for extending the deadline do not show good cause under Rule 16. As demonstrated by her complaint, Gerukos has been aware since before she filed suit that Heath and Fortenberry knew facts relevant to her claims. Gerukos has not explained why, if the depositions are sufficiently important to warrant extending the scheduling order, she did not depose them during the discovery period or why she waited more than nine months after that period ended on September 7, 2012 to raise the issue. *See Torres v. Liberto Mfg. Co., Inc*., 2003 WL 21195924, at *2 (5th Cir. May 12, 2003) (finding no error in the denial of a discovery extension because the movant gave no explanation for "why she waited so long to schedule the depositions or why they were scheduled at the very end of the discovery period"). Extending the discovery deadline to permit Gerukos to depose Heath and Fortenberry would also prejudice Eisai and adversely affect these proceedings. This case is scheduled for trial in just over a month. Both Heath and Fortenberry live outside of Texas. Taking their depositions would likely require rescheduling the trial. Even if they could be deposed sooner, that would require Eisai to divert time and energy

from trial preparation. Neither is justified by speculation that settlement prospects might be enhanced by the depositions.

Gerukos's motion to extend the discovery deadline is denied.

SIGNED on July 8, 2013, at Houston, Texas.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Lee H. Rosenthal
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge